# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE FINNEY, | * | |
| Petitioner, | * | CASE NO. 5:05-CV-102 WDO |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:02-CR- 10 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A Superseding Indictment was returned in this court on May 29, 2002, charging Petitioner Finney in Count One with Bank Robbery and Assault with a dangerous weapon, to wit., a firearm in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2: in Count Two with using, brandishing, and carrying a firearm during and in relation to the commission of a bank robbery in violation of 18 U.S.C. § 924(c)(1) and (2). (R-11).

Petitioner Finney entered into a Plea Agreement with the Government and pled guilty to the above stated felony offenses on July 11, 2002. (R-15-17). Subsequent to the report of a Pre-Sentence Investigation (PSI) and a sentencing hearing thereon, Petitioner Finney was sentenced to a total term of 162 months imprisonment on October 3, 2002. (R-25).

Petitioner Finney filed no direct appeal. He filed the present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant To 28 U.S.C.§ 2255 on March 18, 2005 (R-29), approximately two and one-half (2 ½) years after his sentence had become final.

## Petitioner's § 2255 Motion

Petitioner Finney alleges in his Petition that "Movant's Sentence Was Imposed In Violation Of His Sixth Amendment Rights" and references his Attached Memorandum of Law for specificity. In his Memorandum, Petitioner Finney first states:

> COMES NOW, Corey Finney, pro se files this motion pursuant to 28 U.S.C. § 2255(3) within one year of the Supreme Court's ruling in *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and *United States v. Booker,* 04-104, 2005 WL 50108 (U.S. January 12, 2005).

The import of Petitioner's reference to 28 U.S.C. § 2255(3) is to suggest that his Motion is not barred by the AEDPA statute of limitations, codified in § 2255 as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(emphasis added).

Petitioner's reference can only be taken to mean that he contends that the United States Supreme Court not only held in *Blakely* and *Booker* that a right has been newly recognized by that Court, but that such right has also been made retroactively applicable to cases on collateral review. All of Petitioner's contentions rest upon this first contention being found to be correct, and it cannot be so found.

## Discussion

The Supreme Court did not make its *Booker - Fanfan* rulings retroactive to cases on collateral review, by whatever code section a Petitioner might employ. To the contrary, in *United States v. Booker-Fanfan,* 125 S.Ct. 738 (2005), at page 769, the Court held:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review. See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* rulings in its recent decision, *In re: Jerry J. Anderson,* 2005WL 123923 (January, 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to

---

[1] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

3

be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . .   Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:

> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review");*see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 2005WL367095 (11th Cir. February 17, 2005)(same).

The United States Supreme Court did not make the rulings in either *Blakely* or *Booker* retroactive to cases on collateral or otherwise invoke the provisions of 28 U.S.C. §

4

2255(3) for application to Petitioner Finney's collateral attack on his 2002 sentence. Neither the *Blakely* nor the *Booker* rulings, therefore, can be applied retroactively to Petitioner Finney's belated collateral attack on his 1994 sentence by way of a time-barred Motion To Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C.§ 2255.

Petitioner Finney's sentence became final on October 20, 2002. The AEDPA one-year statute of limitations began to run at that time and expired on October 20, 2003. See 28 U.S.C. § 2255; *Kaufmann v. United States,* 282 F.3d 1336, (11th Cir. 2002), *cert. denied,* 123 S.Ct. 286 (2002).

WHEREFORE, IT IS RECOMMENDED that Petitioner Finney's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant To 28 U.S.C.§ 2255 be DENIED as barred by the AEDPA statute of limitations. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of March 2005.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE