IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE FINNEY, | * | |
| Petitioner, | * | CASE NO. 5:08-CV-90013 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:02-CR- 10 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A Superseding Indictment was returned in this court on May 29, 2002, charging Petitioner Finney in Count One with Bank Robbery and Assault with a dangerous weapon, to wit., a firearm in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2: in Count Two with using, brandishing, and carrying a firearm during and in relation to the commission of a bank robbery in violation of 18 U.S.C. § 924(c)(1) and (2). (R-11).

Petitioner Finney entered into a Plea Agreement with the Government and pled guilty to the above stated felony offenses on July 11, 2002. (R-15-17). Subsequent to the report of a Pre-Sentence Investigation (PSI) and a sentencing hearing thereon, Petitioner Finney was sentenced to a total term of 162 months imprisonment on October 3, 2002. (R-25).

Petitioner Finney filed no direct appeal. He filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, on March 18, 2005 (R-29), approximately two and one-half (2 ½) years after his sentence had become final. Said Motion was denied as time-barred by Order of this court on April 29, 2005. (R-35, 36). Petitioner Finney appealed that decision to the United States Court of Appeals for the Eleventh Circuit, which denied, on August 22, 2005, a Certificate of Appealability and found that Finney's Motion to proceed *in forma pauperis* was moot. (R-50).

Petitioner has now, on May 2, 2008, filed a Motion For Leave To File Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 Under The Mandates Pursuant To 28 U.S.C. § 2244(d)(1(D). (R-51). His reference to 28 U.S.C. § (d)(1)(D) implies that he has discovered some cause to reset his one-year AEDPA statute of limitations clock. The referenced statute provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas Corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Finney is serving a federal sentence and only ¶ (a) of 28 U.S.C. § 2244 makes reference to a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, stating:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of such person pursuant to a judgment of a court of the

2

> United States if it appears that the legality of such detention has been determined by a judge of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Title 28, U.S.C. § 2255 has its own provision relating to the resetting of the AEDPA one-year statute of limitations clock, contained in the sixth paragraph of the statute, providing that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest –
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Paragraph eight of § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

### Petitioner's Claims

Petitioner asserts his claim of due diligence by first challenging the counting of three misdemeanor convictions in the determination of his Criminal History points in his Presentence Investigation Report (PSR). He then alleges ineffective assistance of counsel for "failing to object to the use of these misdemeanors under the 'established case law' authority of *United States v. Hardeman,* 933 F.2d 278, 281 (5th Cir. 1991), which set forth

3

the 'common sense approach' to the treatment of misdemeanor convictions in a PSR." (R-51 at 2). Finally, Petitioner Finney states:

> That on or about March 17, 2008, the United States Sentencing Commission (hereinafter the Commission) sent a copy of the "United States Sentencing Guidelines Manual," Supplement to Appendix C, to the Federal Correctional Institution where the Defendant is imprisoned and placed in the Inmate Law Library.

*Id*. at 3. Petitioner Finney then contradicts his original claim of ineffective assistance for counsel's failure to object to the use of the "established case law" method in the Presentence Investigation Report, by stating that:

> Upon reviewing and researching this Manual, the Defendant discovered through the Commission's "Reasons for Amendment" for Amendment 709, that the "established case law" authority of *United States v. Hardeman,* supra at 281, had existed when he was sentenced on October 3, 2002.

*Id*. If Finney believed his counsel was ineffective for failing to object to the use of the "established case law" method in calculating his Criminal History in his PSR, but has now discovered that that method was authorized by *established law* at the time of his sentence, then his counsel could not have been ineffective for failing to object to the use of the authorized method. While Petitioner Finney has managed to put his motion in a high state of confusion, he has failed to demonstrate due diligence in discovering any claim upon which he should be allowed to have his one-year AEDPA clock re-set.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion for Leave to File a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255

4

be DISMISSED to allow him to make application to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 2255, ¶ (8), and 28 U.S.C. § 2244. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 14th day of May, 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE