# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE FINNEY, | : | |
| Petitioner, | : | |
| v. | : | 5:02-cr-10 (HL) |
| | : | 5:08-cv-90013 (HL) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## ORDER

Before the Court is Petitioner's Motion for Leave to File Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 51) and the Magistrate Judge's Report and Recommendation regarding that Motion (Doc. 54). The Court hereby denies Petitioner's Motion and adopts the recommendation to dismiss the petition, but sets out its own reasons for doing so, as detailed below.

## I. BACKGROUND

On July 11, 2002, Petitioner Finney pleaded guilty to (1) bank robbery and assault with a dangerous weapon and (2) carrying a firearm during and in relation to the commission of a bank robbery. This Court sentenced him to a total of 162 months of imprisonment on October 3, 2002. Finney made no direct appeal following his sentence, but on March 18, 2005, he filed a Motion to Vacate under 28

U.S.C. § 2255. That Motion was denied as time-barred, and on appeal the Eleventh Circuit Court of Appeals denied a certificate of appealability.

The Motion currently before the Court argues that Finney received ineffective assistance of counsel because his attorney did not object at sentencing to the use of misdemeanor convictions against him in the calculation of his criminal history points.[1] He alleges that <u>United States v. Hardeman</u>, 933 F.2d 278, 281 (5th Cir. 1991), and the United States Sentencing Guidelines Manual Appendix C require a "common sense approach" to the use of prior misdemeanors in sentencing. Petitioner's implied argument is that if his counsel would have pointed out that these authorities prohibited the use of his misdemeanor convictions, then his criminal history category would have been lower and his sentence would have been shorter.

Finney accounts for the apparent untimeliness of his Motion by the fact that he was not aware of the existence of either the <u>Hardeman</u> decision or the Guidelines Appendix C until March 17, 2008, when the inmate law library at the correctional institution where he is imprisoned received a copy of the Supplement to Appendix C of the Sentencing Guidelines Manual. He argues that the statute of limitations on his ineffective assistance of counsel claim began to run when the inmate library

---

[1] The Magistrate Judge construed Petitioner's Motion to argue that Petitioner's trial counsel was ineffective for failing to object to the use of "established case law" in his sentencing. <u>See</u> Doc. 54 at 4. This Court respectfully disagrees and finds that Petitioner's Motion actually claims that his attorney failed to argue before the sentencing judge that established legal authority prevented the Court from using several of his prior misdemeanors that were included in the Pre-Sentence Investigation Report. <u>See</u> Doc. 31 at ¶ 5.

received a copy of Appendix C because that is when due diligence could have revealed the basis for his claim.

## II. ANALYSIS

The 1948 enactment of 28 U.S.C. § 2255 provided a substitute procedure for federal prisoners to the traditional form of relief of the writ of habeas corpus. Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). Section 2255 now provides the almost exclusive remedy for motions attacking the sentence of inmates in federal custody. See id. at 1244 (discussing limited availability of habeas relief for federal prisoners); Medberry v. Crosby, 351 F.3d 1049, 1057 (11th Cir. 2003) ("Section 2255 also included exclusivity language that renders the writ of habeas corpus (authorized by § 2241) unavailable to most federal prisoners seeking to challenge their convictions or sentences."). Under the Antiterrorism and Effective Death Penalty Act of 1996, Congress placed a bar on second or successive motion for relief under § 2255. Id. at 1058. In order to file such a motion, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Certification under this subsection will only be granted in very limited circumstances. See id. Where a movant has failed to obtain this certification, a district court has no jurisdiction to entertain the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Magistrate Judge's Report and Recommendation did not address whether the present Motion was a second or successive motion under § 2255, and instead

analyzed whether Petitioner met the due diligence requirement for tolling the one-year statute of limitations under § 2255(f)(4).  As discussed above, however, a district court has no jurisdiction to entertain a second or successive § 2255 motion unless it has been certified by the court of appeals.  The Court therefore has no jurisdiction to consider a statute of limitations bar if Petitioner's Motion is a second or successive § 2255 motion.  For this reason, though the Court adopts the ultimate conclusion of the Recommendation to dismiss the Motion, it respectfully declines to adopt the reasoning in the Report and Recommendation.

In this case, there is no question that the Motion before the Court is Defendant's second request for relief under § 2255.  Therefore, even though the argument that Finney raises in this second motion may differ from those brought in the first, the motion is barred under § 2255(h) as a second or successive motion. See, e.g., Wofford, 177 F.3d at 1238 (holding second motion is second or successive even though new issues were raised in it).

Finney argues that he cannot be charged with knowledge of the availability of his legal argument when the inmate library did not have access to the caselaw to support it.  It is true that "AEDPA cannot be interpreted to require a prisoner to raise claims before they arise." Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).  For example, after a defendant has successfully challenged his sentence in his first § 2255 motion, a second motion challenging his resentence would not be second or successive under the meaning of the statute.  In re Green, 215 F.3d 1195, 1196

(11th Cir. 2000). Finney's new argument before the Court, however, is not based on a claim that had not arisen before the filing of his first motion to vacate. His counsel's alleged ineffective assistance occurred at the time of his sentencing, and therefore arose before he filed his first motion. His ignorance of the law does not form a basis to find that the present Motion is not subject to the restrictions on second or successive motion.

The caselaw that Finney cites for support of his position is inapposite. Finney cites only a case from the Tenth Circuit Court of Appeals, Easterwood v. Champion. 213 F.3d 1321 (10th Cir. 2000). In that case, the Tenth Circuit held that the statute of limitations tolled on a prisoner's § 2254 petition in which the defendant argued that the state's only expert witness to testify to defendant's sanity was incompetent. Id. at 1323. The defendant was unaware of the expert's possible incompetence until another Tenth Circuit decision was released that discussed that expert's mental impairment and noted it may have affect his diagnostic judgment. Id. The court therefore held that the statute of limitations did not begin to run until the prison library received a copy of the opinion. Id. That case is, however, readily distinguishable from the present case. Unlike Finney, the defendant in Easterwood had applied to the Tenth Circuit for permission to file a second or successive § 2255, and that permission was granted. Id. at 1322. The issue in the case was therefore not whether the petition should be considered second or successive, but rather whether the defendant exercised due diligence under 28 U.S.C. § 2244(d)(1)(D). Id. at 1323.

Easterwood is therefore inapplicable to the issue before the Court.

## III. CONCLUSION

The Court finds that Petitioner's Motion is a second or successive motion that has not been certified by the Eleventh Circuit Court of Appeals pursuant to 2244. The petition is therefore dismissed.

**SO ORDERED**, this the 25th day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch