IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| COREY DEWAYNE FINNEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 5:08-CV-90013 HL |
| vs. | : | 18 U. S. C. § 3582(C)(2) |
| | : | CASE NO. 5:02-CR- 10 HL |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the court is Petitioner's Motion for Leave to File a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on September 19, 2008. However, the facts and legal circumstances of Petitioner's contention reveal this claims to be a claim for application of an amended United States Sentencing Guideline and not a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

**I.     Background**

A Superseding Indictment was returned in this court on May 29, 2002, charging Petitioner Finney in Count One with Bank Robbery and Assault with a dangerous weapon, to wit., a firearm in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2: in Count Two with using, brandishing, and carrying a firearm during and in relation to the commission of a bank robbery in violation of 18 U.S.C. § 924(c)(1) and (2). (R-11).

Petitioner Finney entered into a Plea Agreement with the Government and pled guilty

to the above stated felony offenses on July 11, 2002. (R-15-17). Subsequent to the report of a Pre-Sentence Investigation (PSI) and a sentencing hearing thereon, Petitioner Finney was sentenced to a total term of 162 months imprisonment on October 3, 2002. (R-25).

Petitioner Finney filed no direct appeal. He filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, on March 18, 2005 (R-29), approximately two and one-half (2 ½) years after his sentence had become final. Said Motion was denied as time-barred by Order of this court on April 29, 2005. (R-35, 36). Petitioner Finney appealed that decision to the United States Court of Appeals for the Eleventh Circuit, which denied, on August 22, 2005, a Certificate of Appealability and found that Finney's Motion to proceed *in forma pauperis* was moot. (R-50). On May 2, 2008, Petitioner filed a Motion For Leave To File Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 Under The Mandates Pursuant To 28 U.S.C. § 2244(d)(1(D). (R-51). That petition was denied on June 26, 2008. (R-57).

**II.    Analysis**

Petitioner's current Motion for Leave to File Motion For Leave To File Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 Under The Mandates Pursuant To 28 U.S.C. § 2244(d)(1(D) (R-64, 65), alleges that his one-year AEDPA statute of limitations should be "re-opened." (R-64 at 3). Just as he did in his prior motion for leave to file a § 2255 Motion, Petitioner challenges the counting of three misdemeanor convictions in the determination of his Criminal History points in his Presentence Investigation Report (PSR). He then alleges ineffective assistance of counsel for failing to argue that established

legal authority prevented the court from using several prior misdemeanors cited in his Pre-Sentence Investigation report. (R-51 at 5). Petitioner Finney states:

> That on or about March 17, 2008, the United States Sentencing Commission (hereinafter the Commission) sent a copy of the "United States Sentencing Guidelines Manual," Supplement to Appendix C, to the Federal Correctional Institution where the Defendant is imprisoned and placed in the Inmate Law Library.

*Id.* at 3.   Petitioner Finney then states that:

> Upon reviewing and researching this Manual, the Defendant discovered through the Commission's "Reasons for Amendment" for Amendment 709, that the "established case law" authority of *United States v. Hardeman,* supra at 281, had existed when he was sentenced on October 3, 2002.

*Id.* Petitioner's Motion is actually a motion for leave to file an action under Title 18 U.S.C. § 3582(c)(2), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's claim is without merit, however, as Amendment 709, effective November 1, 2007, was not given retroactive applicability as required for inclusion in U.S.S.G. § 1B1.10(c) pursuant to U.S.S.G. § 1B1.1(a)[1], and therefore does not apply to Petitioner's

---

[1] If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U. S. C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized. U.S.S.G. § 1B1.1(a).

1999 conviction and sentence at all. *See* U.S. Sentencing Commission, Supplement To The 2007 Guideline Manual, May 1, 2008 at page 2.

**III.    Conclusion**

WHEREFORE, IT IS HEREBY ORDERED that Petitioner Finney's Motion for Leave to File a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 be DENIED.

SO ORDERED this 20th day of October, 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE